**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lora J Green, | No. CV-18-08018-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Lora Green seeks judicial review of the Commissioner of the Social Security Administration's decision to deny her application for a period of disability and disability insurance benefits. Plaintiff argues that the Administrative Law Judge ("ALJ'") improperly weighed the opinion of Plaintiff's treating medical provider, gave too much weight to the state agency examiner and physicians, and improperly discounted her symptom testimony.

The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The ALJ's determination will be upheld unless it contains harmful legal error or is not supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Having reviewed the parties' briefs and the administrative record, the Court affirms.

1. The ALJ gave specific and legitimate reasons, supported by substantial evidence

in the record, for affording little weight to the opinion of Plaintiff's treating physician, Dr. Venger. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Venger opined that Plaintiff could never lift or carry more than 5 pounds, stoop, squat, climb, or crawl; could occasionally grasp, pull, push, and do fine manipulation with her hands; is unable to sit or stand/walk more than 1 hour in an 8-hour workday; and has total restriction with respect to being around moving machinery or occupational driving. Dr. Venger also noted that Plaintiff is in constant pain, exacerbated by the physical demands of caring for her mentally challenged child. The ALJ reasonably discounted Dr. Venger's assessment because it was not supported by Dr. Venger's own treatment records. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). For example, with respect to Plaintiff's cervical and thoracic spine, Dr. Venger found Plaintiff non-tender to palpitation, had no spasms, full range of motion, normal muscle strength and tone, and no pain with neck movement. Dr. Venger also observed minimal pain in Plaintiff's lumbosacral spine upon flexion, extension, and bending. The ALJ also reasonably discounted Dr. Venger's opinion because it was based to a large extent on Plaintiff's subjective complaints, which the ALJ found not entirely credible. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

2. The ALJ did not assign improper weight to state agency reviewers. Dr. Schellenberg, the state agency consultative examiner, opined that Plaintiff did not suffer from any limitations. State agency physicians Drs. Griffith and Painton found Plaintiff not disabled, noting little evidence supporting the severity of her spinal disorders. The ALJ gave legally adequate reasons for assigning partial weight to these opinions. For example, the ALJ assigned partial weight to Dr. Schellenberg's opinion because it is based on objective testing and observations Dr. Schellenberg made during his examination, and because his opinion is consistent with the record as a whole. The ALJ gave partial weight to the opinions of Drs. Griffith and Painton because their opinions are well-explained and supported by the medical evidence. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4).

3. The ALJ provided the requisite specific, clear, and convincing reasons for discounting Plaintiff's testimony concerning the severity of her symptoms. *See Smolen v.*

*Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Plaintiff reported that she is bed ridden several days a week due to extreme pain, has difficulty with buttons and tying shoes, needs help to get out of the bathtub, is unable to shave or put on makeup, and needs reminders to take her medication and tend to her personal needs. The ALJ reasonably found that Plaintiff's testimony was inconsistent with the objective medical evidence. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). For example, despite Plaintiff's contention that her impairments had a significant impact on her ability to stand and walk, medical evidence reflected that Plaintiff's gait and station repeatedly were observed as normal and that Plaintiff was prescribed no assistive devices. The ALJ also noted that the record contains no electrodiagnostic evidence consistent with Plaintiff's reported inability to stand, sit or walk during an 8-hour work day. The ALJ also reasonably discounted Plaintiff's testimony because her part-time work and daily activities are not limited to the extent one would expect given the severity of Plaintiff's claimed symptoms. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1221 (9th Cir. 2009). For example, Plaintiff worked part-time for the Census Bureau since 2007 with no change in her work duties, and she is the primary caregiver for her adult daughter, who is non-verbal and has Angelman syndrome.

Because the ALJ's decision is free of harmful legal error and reasonably supported by the evidence,

**IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly and terminate this case.

Dated this 28th day of March, 2019.

Douglas L. Rayes
United States District Judge